UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL P. DOMANICK, | ) | CASE NO. 1:11 CV 1102 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HONORABLE KAY A. LIAS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Michael P. Domanick filed this action under 42 U.S.C. § 1983 against Franklin County Juvenile Court Judge Kay A. Lias.  In the Complaint, Plaintiff alleges the Judge has issued orders which violated his constitutional rights.  He asks this Court to intervene in the child custody case, order Judge Lias to "renounce jurisdiction over the pending domestic dispute," and award him monetary damages.  (Compl. at 3.)

## Background

Mr. Domanick is a party to a child custody dispute currently pending in the Franklin County Juvenile Court.  Judge Lias was appointed to preside over the case by the Ohio Supreme Court on December 9, 2008. Mr. Domanick claims that over the course of the litigation, Judge Lias has made several decisions which he claims violated his constitutional rights.  He indicates she had ex-parte

communications with counsel and other parties to the case, which resulted in orders he found unfavorable to him.  He contends his right to parental contact with his child has been limited and as a result he is unable to prepare for the trial which is scheduled to begin on May 31, 2011.  He asks this Court to intervene in that case, order Judge Lias to "renounce jurisdiction," and award monetary damages "exceeding $75,000."  (Compl. at 3.)

## Analysis

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The claims asserted in this action satisfy these criteria.

As an initial matter, the United States District Court for the Northern District of Ohio is not the proper venue to bring this action.  A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Review of the complaint indicates the specific events and omissions of which Plaintiff complains occurred in Columbus, Ohio.  The address listed for the Defendant is also Columbus, Ohio.  Columbus is located in within the jurisdiction of the United States District Court for the Southern District of Ohio.  This Court is not the proper venue to assert

these claims.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought.  Because Mr. Domanick fails to state a claim upon which relief may be granted, it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Plaintiff first asks this Court to intervene in his state court child custody case, assume jurisdiction over the matter, and order the presiding judge to recuse herself.  This Court cannot grant that request.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  When a person is a party to an ongoing state action involving important state matters, he or she cannot disrupt the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.  *Id*; *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if state proceedings are on-going; the state proceedings implicate important state interests; and the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

Abstention is required in this case.  The issues presented in the Complaint are clearly the subject of the child custody matter still pending in the Franklin County, Ohio Juvenile Court and

Mr. Domanick asks this Court to assume jurisdiction over that case and order the removal of the presiding judge.  Such an action would unduly interfere with the pending state court action.  In addition, matters of child custody are of paramount state interest, *See Moore v. Sims*, 442 U.S. 415, 435 (1979); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995); *Zak v. Pilla*, 698 F.2d 800 (6th Cir. 1982); *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1 (6th Cir. 1980)[1], and Mr. Domanick has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims.  Consequently, this Court is required to abstain from enjoining the Franklin County, Ohio Juvenile Court proceedings.

In addition, the Court cannot grant his request for monetary damages.  First, Mr. Domanick has not set forth a legal cause of action in his Complaint.  He provides a short narrative of factual allegations and then concludes that Judge Lias deprived him of civil and constitutional rights.  He does not specify which rights he believes were violated by the Judge or how those rights were violated.

Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274,

---

[1]    *See also Hughes v. Hamann*, No. 00-4132, 2001 WL 1356143 (6th Cir. Oct. 25, 2001); *Myers v. Franklin County Court of Common Pleas*, No. 99-4411, 2001 WL 1298942 (6th Cir. Aug. 7, 2001); *Jancuk v. Donofrio*, No. 97-4404, 1999 WL 313903 (6th Cir. May 4, 1999)(determining abstention to be appropriate for pending domestic relations matter); *Guess v. Hocking County Childrens Services Bd.*, No.95-4357, 1996 WL 434484 (6th Cir. Aug. 1, 1996)(concluding that abstention was proper where Court of Common Pleas retained jurisdiction over child custody case); *Edwards v. Goldberg*, No. 84-1728, 1985 WL 12793 (6th Cir. Oct. 7, 1985)(finding that principles of comity required the federal courts to abstain from addressing issues relevant to an on-going child support dispute).

1277 (4th Cir. 1985).  A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District Courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudett*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.* at 1278.  Moreover, Mr. Domanick's failure to identify a particular legal theory in his Complaint places an unfair burden on Judge Lias to speculate on the potential claims he may be raising against her and the defenses she  might assert in response to each of these possible causes of action.  *See Wells v. Brown*, 891 F.2d at 594.  Even liberally construed, the Complaint does not sufficiently state the federal constitutional claim or claims upon which Mr. Domanick intends to base his § 1983 action.

Furthermore, even if Mr. Domanick had asserted a viable legal claim, he would not be able to collect monetary damages from Judge Lias.  Judges are absolutely immune from monetary damages in a civil right suit arising from their activities in cases over which they preside.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Judges are provided with this far-reaching protection to ensure that their independent and impartial exercise of judgment is not impaired by the exposure of potential damages.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105

-5-

F.3d at 1116.  Mr. Domanick has not alleged facts to show that either of these criteria have been met in this case.

First, the determination of whether an action is performed in the defendant's judicial capacity, depends on the "nature" and "function" of the act, not on the act itself.  *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Looking first to the "nature" of the act, the court must determine whether it is a function generally performed by a judge.  *Stump*, 435 U.S. at 362.  This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges.  *Mireles*, 502 U.S. at 13.  Second, an examination of the "function" of the act alleged requires the court to assess whether the parties dealt with the judge in her judicial capacity.

Upon applying these principles, it is evident on the face of the pleading that Judge Lias was acting in her judicial capacity at all times that the conduct alleged in Mr. Domanick's Complaint occurred.  The issuance of judicial orders pertaining to custody, visitation, and child support, the issuance of temporary restraining orders, and the determination of credibility of witnesses are all actions normally performed by domestic relations court and juvenile court judges.  Furthermore, Mr. Domanick dealt with Judge Lias only when she was performing duties as a judge. He cannot overcome the broad application of judicial immunity under this criterion.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of <u>all</u> jurisdiction.  Mireles, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. (emphasis added.)  When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed.  *Stump*, 435 U.S. at 356-57.  A judge will be not

deprived of immunity because the action she took was performed in error, done maliciously, or was in excess of her authority.  *Id.*  Actions taken in complete absence of all jurisdiction are those  acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides.  *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see Barnes*, 105 F.3d at 1122. Conversely, merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, there are no allegations set forth in the Complaint which reasonably suggest Judge Lias clearly acted outside of the subject matter jurisdiction of the Juvenile Division of the Domestic Relations Court.  The court has jurisdiction to hear all matters involving divorce, dissolution of marriage, legal separation, annulment, and, except in cases subject to the exclusive jurisdiction of the juvenile court, all matters involving paternity, child custody, visitation, child support, the allocation of parental rights and responsibilities for the care of children and all post-decree proceedings arising from any case pertaining to those matters. OHIO REV. CODE §§ 2301.03, 3109.043, and 3109.051. Even taking as true Mr. Domanick's allegations that Judge Lias exceeded her authority under Ohio law, there are no allegations which suggest she was entertaining a matter outside of the parameters of the subject matter jurisdiction of the juvenile court.  Judge Lias is therefore entitled to absolute immunity from monetary damages in this matter.

## Conclusion

Accordingly, this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. §

-7-

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

        IT IS SO ORDERED.


                 /s/ Patricia A. Gaughan
                PATRICIA A. GAUGHAN
                UNITED STATES DISTRICT JUDGE

Dated: 6/1/11

---

[2]   28 U.S.C. § 1915(a)(3) provides:

      An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-8-